IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN RAY NEWMAN,

Plaintiff, No. CIV S-05-0694 WBS CMK

vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

Defendant. FINDINGS AND RECOMMENDATIONS

_______________________________/

Plaintiff, Bryan Ray Newman, brings this action for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) and Local Rule 72-302. The parties have filed cross motions for summary judgment.

I. Background

Plaintiff applied for supplemental security income benefits (SSI) on April 30, 2002, based on disability. Plaintiff claims that he is unable to work due to sciatica in both legs, chronic back pain, muscle spasms, severe headaches, illiteracy, depression, and poor memory and concentration. Plaintiff testified that the biggest problem that keeps him from working is pain in his back and legs. Plaintiff has an eleventh grade education and had previously worked as a cook. Plaintiff stated that he had worked for about a week providing in-home support after he filed his SSI application but has done no other work since his filing date.

Plaintiff's application was denied initially and upon reconsideration. A hearing was held before administrative law judge (ALJ), Robert K. Rogers on June 2, 2004.

In his, November 12, 2004 decision, the ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since the alleged onset date of disability.

2. The medical evidence establishes that the claimant has the following severe impairments: degenerative disc disease, Hepatitis A and B, bowel and bladder dysfunction, antisocial personality disorder, borderline intellectual functioning, and substance abuse disorder.

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix I, Subpart P, Regulation No. 4.

4. With substance abuse, the claimant is able to perform a full range of medium work activity; but he cannot perform on a consistent basis, relate to supervisors, understand, remember or carry out complex instructions, or complete a workday or workweek without interruption.

5. Substance abuse disorder is a medically determined condition that materially contributes to the finding that the claimant is disabled.

6. If the claimant were to stop using drugs and alcohol, he would continue to have severe impairments which would not meet or medically equal one of the listed impairments in Appendix I, Subpart P, Regulation No. 4.

7. The undersigned finds the claimant's allegations regarding his limitations are not credible for the reasons set forth in the body of the decision.

8. If the claimant were to stop using alcohol, he retains the ability to perform a full range of medium work functions.

9. The claimant's past relevant work as a cook does not require the performance of work-related activities precluded by his residual functional capacity.

10. If the claimant were to stop using alcohol, he is capable of performing his past relevant work as a cook.

11. Thus, substance abuse is a factor material to the finding of disability in this case because the claimant would not be disabled if he stopped using alcohol. Therefore, in accordance with Section 105 of Public Law 104-121, the claimant is ineligible for disability payments under Title II and Title XVI of the Act.

(TR at 18.)

///

Based on these findings, the ALJ concluded that plaintiff was not eligible for SSI payments under the Act. The decision of the ALJ became final when the Appeals Council denied plaintiff's request for a review on February 5, 2005. The plaintiff filed a timely appeal in this court on April 8, 2005.

II. Standard of Review

This court's review is limited to whether the Commissioner's decision to deny benefits to plaintiff is based on proper legal standards under 42 U.S.C. § 405(g) and supported by substantial evidence on the record as a whole. See Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance, Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorensen v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Discussion

In his motion for summary judgment, plaintiff argues that the ALJ erred in four ways: (1) the ALJ erred in finding that plaintiff's alleged substance abuse was a material factor in his disability; (2) the ALJ failed to provide legitimate reasons for rejecting the opinions of

plaintiff's treating physicians and the consultative examiners; (3) the ALJ did not provide a legitimate reason for not crediting plaintiff's testimony; and (4) the ALJ failed to include all plaintiff's limitations in the hypothetical proposed to the vocational expert.

A. Substance Abuse

Plaintiff argues that the ALJ erred in finding that plaintiff' s substance abuse was a material factor in his disability. The court finds that the ALJ did not err in his conclusion.

An ALJ must conduct the five-step disability inquiry[1] without separating out the impact of substance abuse. See Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001). If the ALJ finds that the claimant is disabled and there is medical evidence of drug addition or alcoholism, then the ALJ must determine the plaintiff would still be disabled if the claimant stopped using alcohol or drugs. See id.; 42 U.S.C. § 416(I); 20 C.F.R. 416.935 (2005). In other words, an ALJ must make a finding of disability before he or she can determine if alcohol or drug use is a material factor in a plaintiff's disability.

At step two, the ALJ properly considered evidence of plaintiff's substance abuse problem along with his other impairments. See Bustamante, 262 F.3d at 954. Specifically, the ALJ considered that plaintiff had several severe impairments–degenerative disc disease, Hepatitis A and B, bowel and bladder dysfunction, antisocial personality disorder, intellectual functioning and substance abuse disorder. (TR 12.) The ALJ recognized the severity of plaintiff's mental impairments, including substance abuse, and carefully considered whether these impairments met a medical listing. (TR 12;) see Bustamante, 262 F.3d at 954. Based on the medical evidence, the ALJ found that plaintiff's impairments, although severe, did not meet or equal a medical listing. (TR 12.)

The ALJ found, however, that based on the medical record and plaintiff's testimony, that plaintiff was "not able to perform on a consistent basis; relate to supervisors,

---

[1]20 C.F.R. § 416.920 (2005).

understand, remember or carry out detailed or complex instructions; or complete a workday or workweek without interruption since April 30, 2002 due to combined impairments arising out of his substance abuse disorder and resultant antisocial personality disorder." (TR 12.) On these grounds, the ALJ concluded that plaintiff was disabled. (TR 12.) The ALJ noted that the record revealed significant evidence that plaintiff had an alcohol problem. (TR 12-13.)

Specifically, the ALJ noted the following. Plaintiff admitted to imbibing two beers per day (TR 12, 144-146.) Drs. Regazzi and Stearns both opined that plaintiff had a significant alcohol problem. (TR 12, 147, 156.) The ALJ observed that the record clearly established that plaintiff's alcohol use limited plaintiff's ability to function. (TR 12.) This finding was consistent with Dr. Regazzi's opinion that plaintiff's substance abuse caused him problems when relating to his co-workers, supervisors and the public and impaired his ability to maintain stable work habits and with Dr. Stearns's opinion that plaintiff's alcohol use exacerbated all of his symptoms. (TR 148, 156.)

The ALJ next properly considered whether plaintiff would be disabled without his alcohol problem. (TR 13, 15.) The ALJ found that, if plaintiff stopped using alcohol, he would still have degenerative disc disease, Hepatitis A and B and bladder, bowel dysfunction, antisocial personality disorder and borderline intellectual functioning. (TR 13.) The ALJ considered whether these impairments, individually or in combination, would meet or equal the medical listings. (TR 13.) The ALJ found that none of plaintiff's remaining impairments, individually or in combination, would meet or equal the medical listings. (TR 13, 15.)

The ALJ noted that physical assessments of plaintiff conducted in early 2004 indicated that plaintiff could perform less than a full range of sedentary work. (TR 13) However, the ALJ assigned both assessments minimal weight because both were based on subjective complaints and not supported by the objective medical findings. (TR 13.) The ALJ afforded significant weight to the opinion of Dr. Wirganowicz that plaintiff had no functional limitations, but limited climbing, balancing, kneeling, crouching, crawling, and stooping on an occasional

basis because this opinion was consistent with the record and well supported by objective evidence. (TR 15, 161-165.) Plaintiff argues that the ALJ improperly disregarded his functional limitations. However, the record shows that the ALJ relied on the opinion of a non-treating physician which was based on objective clinical reports. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) ("Where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict.")

Having determined plaintiff's physical limitations, the ALJ went on to consider which of plaintiff's mental limitations would remain if plaintiff stopped using alcohol and then determined whether the remaining limitations would equal or meet a medical listing. (TR 15.) The ALJ found that plaintiff's remaining impairments of antisocial personality disorder and borderline intellectual functioning would result in no limitations if plaintiff stopped drinking. (TR 15) The ALJ observed that plaintiff was able to travel between his mother's house and his girlfriend's house, watched television, was able to self-groom, walked and cooked for himself. (TR 15, 76-77.) This is consistent with opinion of Dr. Regazzi, who opined that plaintiff did not appear to have any restrictions on his daily activities. (TR 148.)

The ALJ found that, if plaintiff were to stop using alcohol, he would experience only mild difficulties in maintaining social function. (TR 15.) Specifically, the ALJ noted that both Drs. Regazzi and Stearns observed that plaintiff was cooperative upon examination and joked and laughed during his interview. (TR 15, 146, 155.) Both doctors also observed that, despite plaintiff's alcohol use, he was capable of understanding, remembering and carrying out simple instructions. (TR 148, 157-158.)

The court finds that the ALJ properly determined that alcohol abuse was a material factor contributing to plaintiff's disability. See Bustamante, 262 F.3d at 954. The ALJ properly considered plaintiff's substance abuse along with his other impairments, and, after

making a disability determination, considered whether plaintiff would still be disabled if he stopped using alcohol. See 20 C.F.R. § 416.935 (2005). The ALJ's decision was based on the proper legal standards and is supported by substantial evidence in the record. See Saelee, 94 F.3d at 521. The court recommends that this claim be denied.

B. Opinions of Treating Physican and Consultative Examiners

Plaintiff argues that the ALJ failed to provide legitimate reasons for discounting the opinions of his treating physician and the opinions of three consultative examiners. The court disagrees.

"The opinion of a treating physician is not necessarily conclusive as to either the physical condition or the ultimate issue of disability." Morgan v. Apfel, 169 F.3d 595, 600 (9th Cir. 1999). An ALJ may reject the uncontradicted opinion of a treating physician only for "clear and convincing" reasons. See Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995). When conflicting medical evidence is presented, however, the ALJ must resolve the conflict. See Andrews , 53 F.3d at 1041. Although the treating physician's opinion is given deference, the ALJ may reject the opinion of the treating physican in favor of a contradicting opinion of an examining physican, providing the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). The ALJ may satisfy this requirement by setting out a summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

The ALJ's interpretation of conflicting medical evidence is supported by substantial evidence in the medical records and reflected in his factual findings.

Plaintiff's medical records reveal that plaintiff had been treated for low back pain, which radiated into his legs and that plaintiff reported numbness and weakness in his legs and feet. (TR 13.) The ALJ considered plaintiff's complaints of chronic bowel and bladder dysfunction, and further noted that laboratory tests indicated that plaintiff was positive for

Hepatitis A and B and x-rays revealed evidence of degenerative disc disease. (TR 13, 105, 111.) The ALJ considered Dr. Gregory Hahn's, plaintiff's treating physician, and Dr. Robert Mattos's evaluations of plaintiff. Both physicians assessed plaintiff's ability as able to perform at less than a sedentary level. (TR 13, 135, 124-27.) The ALJ considered both assessments, noted that both assessments were based largely on plaintiff's subjective complaints and not on objective clinical medical evidence, and afforded them both minimal weight.

The ALJ considered the opinion of consultative examining orthopedist, Philip Wirganowicz, M.D. The ALJ noted that Dr. Wirganowicz examined plaintiff's reflexes and found them to be within normal limits; observed that plaintiff's gait was without limp; and considered that radiographs of plaintiff's lumbosacral spine revealed minimal degenerative changes, which were consistent with plaintiff's age. (TR 14.) The ALJ found that Dr. Wirganowicz's opinion was consistent with the record, well-supported by objective findings, and therefore, accorded it significant weight. (TR 14.)

The ALJ also fully considered the opinions of consultative examining psychologists, Drs. Regazzi and Stearns, both of whom noted that plaintiff's affect was normal and that plaintiff laughed and joked during his interview. (TR 14, 146, 155.) The ALJ considered that both psychologists commented on plaintiff's history of alcohol abuse and diagnosed alcohol dependance. (TR 14, 144, 147, 154, 156.) The ALJ considered that both Drs. Regazzi and Stearns concluded that plaintiff was capable of understanding and carrying out simple instructions and that his alcohol abuse adversely affected his mental functioning capabilities. (TR 14, 148, 156-159.) The ALJ found Dr. Regazzi's and Dr. Stearns's conclusions "especially persuasive and accord[ed] them great weight." (TR 14.)

The court finds that the ALJ indicated that he discredited the treating physican's opinion and the consultative examining internist's opinion because they could not be supported by the objective clinical evidence. For example, the record indicates that, when rendering his opinion regarding plaintiff's functional difficulties, Dr. Mattos noted that "Claimant feels very

uncomfortable and muscle pain and back pain." (TR 129.) The court finds that the ALJ weighed the conflicting medical evidence and acted in accordance with his duty to determine the credibility of the evidence, and gave specific, legitimate reasons for discrediting the opinions of Drs. Hahn and Mattos. See Thomas, 278 F.3d at 958.

The court finds that the ALJ gave proper weight to the opinions of Drs. Stearns and Regazzi. Plaintiff argues that, although the ALJ stated that he gave these assessments great weight, he, in fact, did not credit these opinions. Specifically, plaintiff pointed out that neither doctor indicated that plaintiff's severe mental impairments would disappear if he stopped using alcohol. A review of the record indicates that both doctors noted plaintiff's alcohol abuse. (TR 149, 148, 154, 157.) Dr. Regazzi specifically noted that plaintiff's substance abuse problems contributed to his inability to interact with supervisors, co-workers and the public. (TR 148.) The court finds that the record supports the conclusions that the ALJ drew from the opinions of Drs. Stearns and Regazzi and indicates that the ALJ did not improperly discount their opinions. See Saelee, 94 F.3d at 521, see also, Magallanes, 881 F.2d at 753 (ALJ need not believe each aspect of physician's opinion to credit portions of that opinion).

Accordingly, plaintiff's claim that the ALJ failed to provide legitimate reasons for discounting the opinions of his treating physician and the opinions of three consultative examiners should be denied.

C. Failure to Credit Plaintiff's Opinion

Plaintiff argues that the ALJ failed to provide a legitimate basis for rejecting his testimony of disabling limitation. The court disagrees.

If the ALJ finds a claimant's testimony as to the severity of his pain and impairments unreliable, then the ALJ must make a credibility determination with findings specific enough to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. See Thomas, 278 at 958-59; Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991)(en banc). In determining whether subjective complaints are credible, the ALJ should

first consider objective medical evidence and then consider other factors. See Bunnell, 947 F.2d at 344. The court may also consider the following factors: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity, and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. See Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second guessing. See Morgan v. Comm'n of Social Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999).

The ALJ's credibility determination is supported by substantial evidence in the record. The ALJ considered that, while plaintiff's back x-rays indicated only mild degenerative changes, plaintiff complained of suddenly worsening lower back pain. (TR 16, 105.) The ALJ noted that there were inconsistencies between the objective medical record and plaintiff's subjective complaints of pain. See Morgan, 169 F.3d at 600. The ALJ considered that, despite plaintiff's complaints of back pain, he had not sought physical therapy or chiropractic treatment. (TR 17); see Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (stating that ALJ may consider the conservative nature of treatments when evaluating subjective complaints). The ALJ noted that although plaintiff alleged bowel and bladder dysfunction and mental health problems, plaintiff never sought treatment for any of these issues. (TR 17); see id. The ALJ observed that despite testing positive for Hepatitis A and B, plaintiff had not reported excessive fatigue or other symptoms associated with these conditions. See Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985)(plaintiff must document nonexertional impairments). The ALJ also noticed that, despite using a cane for a period of time, plaintiff did not pursue a replacement for his cane when it was broken. (TR 17); see Johnson, 60 F.3d at 1434. Finally, the ALJ noted that plaintiff's

described conditions did not keep him from leaving the house daily, going for walks and getting together with family and friends at special times. (TR 17.)

The court finds that the ALJ's specific credibility findings are supported by substantial evidence in the record. See Morgan, 169 F.3d at 600 (when ALJ's credibility finding is supported by substantial evidence in the record, a court may not engage in second guessing). Accordingly, the court recommends that plaintiff's claim that the ALJ improperly assessed his credibility be denied.

D. Hypothetical Questions

Plaintiff's final claim is that the ALJ failed to include all of his limitations in the hypothetical posed to the vocational expert. At the fourth step, the ALJ determines whether a claimant can perform his past relevant work. See 20 C.F. R. §§ 404. 1520(e), 416.920(e). The ALJ reviews a claimant's residual functional capacity and the physical and mental demands of work that he previously performed. See id.; Matthews v. Shalala, 10 F.3d 678, 680-81 (9th Cir. 1993). This inquiry, as to whether a claimant may perform his past relevant work, does not require the use of a vocational expert. See Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996).

Here, the ALJ determined that plaintiff could perform a full range of medium work, if he stopped using alcohol. The vocational expert testified that plaintiff had performed past relevant work as a cook, which is a medium exertional level work. (TR 196.) The ALJ was entitled to rely on the vocational expert's testimony in making his determination that plaintiff could perform his past relevant work.

Although the ALJ called a vocational expert to testify at the hearing, the testimony of the expert was not needed; the ALJ could determine plaintiff's residual functional capacity independently. See Crane, 76 F.3d at 255. Accordingly, any failure by the ALJ to include the proper limitations in his questions to the expert was a harmless error, because the alleged error would not have affected the ALJ's decision that if he stopped using alcohol, plaintiff would not be disabled. See Brawner v. Secretary of HHS, 839 F.2d 432, 433 (9th Cir.

1988). Accordingly, the court recommends that this claim be denied.

IV. Conclusion

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards. Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's motion for summary judgment or remand be denied, and

2. The Commissioner's cross motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 17, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE